UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8964 FMO (MRWx) | Date | November 30, 2020 |
|---|---|---|---|
| Title | Juan Rendon v. Marathon Petroleum Corporation, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):        Attorney Present for Defendant(s):

None Present                                        None Present

**Proceedings:**     (In Chambers) Order Re: Motion to Remand

On April 30, 2020, plaintiff Juan Rendon ("plaintiff" or "Rendon"), filed a Complaint in the Los Angeles County Superior Court against Marathon Petroleum Corporation ("MPC"), asserting claims related to an injury he suffered at a refinery in Carson, California. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-2, Exh. A, Complaint). After plaintiff voluntarily dismissed MPC and substituted Tesoro Refining & Marketing Company LLC ("defendant" or "TRMC") as the defendant, TRMC removed the action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (See Dkt. 1, NOR at ¶¶ 2-4, 18). Plaintiff now seeks to remand the action. (See Dkt. 15, Motion to Remand ("Motion")).

Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8964 FMO (MRWx) | Date | November 30, 2020 |
|---|---|---|---|
| Title | Juan Rendon v. Marathon Petroleum Corporation, et al. | | |

When federal subject matter jurisdiction is predicated on diversity of citizenship, two requirements must be met. See 28 U.S.C. § 1332. First, complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Second, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interests and costs[.]" 28 U.S.C. § 1332(a).

Here, plaintiff contends that the parties are not diverse because TRMC "is a citizen of the State of California having a princip[al] place of business in Los Angeles[.]" (See Dkt. 15, Motion at 4, 7). Contrary to plaintiff's contention, defendant has shown that complete diversity between the parties is present here. See 28 U.S.C. § 1332. Plaintiff is a citizen of California, (see Dkt. 1, NOR at ¶ 12), and defendant is not. (See Dkt. 1, NOR at ¶¶ 13-14); (Dkt. 1-5, Exh. D); (Dkt. 20, Opposition of [TRMC] to Motion to Remand ("Opp.") at 4); (Dkt. 20-2, Exh. A, CA Secretary of State Statement of Information). Because TRMC is a limited liability company, its citizenship is determined by the citizenship of each of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (Limited liability companies are treated like partnerships rather than corporations for the purpose of determining citizenship, and are deemed "a citizen of every state of which its owners/members are citizens."); Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."). TRMC's sole member, Western Refining Southwest, Inc. ("Western"), is an Arizona corporation with its principal place of business in Ohio. (See Dkt. 1, NOR at ¶ 14); (Dkt. 1-5, Exh. D); (Dkt. 20, Opp. at 4, 9); (Dkt. 20-2, CA Secretary of State Statement of Information). Thus, because the parties are "citizens of different States[,]" 28 U.S.C. § 1332(a), diversity of citizenship is present here.

Second, defendant has shown that the amount in controversy exceeds $75,000. (See Dkt. 1, NOR at ¶ 17); (Dkt. 1-3, Exh. B at ECF 29 (plaintiff's $125,000 settlement demand)); see 28 U.S.C. § 1332(a). In short, the court has subject matter jurisdiction over this matter.[2]

---

[2] Plaintiff's remaining arguments for remand are unpersuasive. With respect to plaintiff's argument regarding the citizenship of MPC, (see Dkt. 15, Motion at 8-9), it is irrelevant given that MPC was no longer a defendant when the action was removed. (See Dkt. 1, NOR at ¶ 4). With respect to plaintiff's contention that defendant failed to file a Disclosure Statement, (see Dkt. 15, Motion at 10), the docket discloses that defendant filed such a statement on the date of removal. (See Dkt. 3, Notice of Interested Parties (Local Rule 7.1-1)). Finally, contrary to plaintiff's contention, (Dkt. 15, Motion at 11-12), defendant included in its removal papers the answer it filed in state court, and even if defective, plaintiff has not shown that remand would be warranted. (See, generally, id.). The court also notes that both parties failed to comply with the Local Rules with respect to their papers, and admonishes that future failures to do so will result in the striking of noncompliant papers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 20-8964 FMO (MRWx)** | Date | **November 30, 2020** |
|---|---|---|---|
| Title | **Juan Rendon v. Marathon Petroleum Corporation, et al.** | | |

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT plaintiff's Motion to Remand **(Document No. 15)** is **denied without prejudice**.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | vdr |